# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
On-Briefs April 22, 2002

## LARRY LITTLES v. DONAL CAMPBELL, ET AL.

**A Direct Appeal from the Chancery Court for Lauderdale County**
**No. 11,781     The Honorable Martha B. Brasfield, Judge**

---

**No. W2002-00265-COA-R3-CV - Filed June 5, 2002**

---

Petitioner, an inmate of the Tennessee Department of Correction, filed a petition for writ of certiorari, seeking judicial review of a disciplinary hearing at which the disciplinary board found him guilty of Conspiracy to Violate State Law and sentenced him to punitive segregation. The trial court granted respondents' motion to dismiss for, *inter alia*, failure to state a claim. We affirm.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and DAVID R. FARMER, J., joined.

Larry Littles, Pro Se

Paul G. Summers, Attorney General and Reporter, Arthur Crownover, II, Senior Counsel, For Appellees. Donal Campbell, James Dukes and Lisa Reynolds

## OPINION

Petitioner, Larry Littles ("Mr. Littles"), is an inmate of the Tennessee Department of Corrections ("TDOC"). On April 19, 2000, Mr. Littles alleges that senior correctional officers took him into custody and placed him in segregation as the result of an altercation which occurred that day between prisoners James Cunningham and Lance Inman. On April 26, 2000, Mr. Littles was served with a disciplinary report in which he was charged with Conspiracy to Violate State Law. The report alleged that Mr. Little had hired Mr. Cunningham to assault Mr. Inman.

Mr. Little requested and was assigned an inmate legal adviser. On May 2, 2000, the prison Disciplinary Board (the "Board") conducted a disciplinary hearing at which the Board found Mr. Little guilty of Conspiracy to Violate State Law. The Board sentenced Mr. Little to thirty (30) days of punitive segregation and placed him in involuntary administrative segregation for an undetermined amount of time. On August 9, 2000, Mr. Little filed a Petition for Writ of Certiorari

in Lauderdale County Chancery Court alleging that: (1) the investigating officer had failed to conduct a proper investigation into the incident which triggered the disciplinary process; (2) there was insufficient evidence to support the conviction; (3) Mr. Little was denied an impartial disciplinary tribunal; (4) Mr. Little received inadequate assistance from the inmate adviser assigned to him; and (5) Mr. Little was unable to contest his placement in segregation. The Petition named Donal Campbell, TDOC Commissioner, James M. Dukes, Warden of the West Tennessee State Penitentiary ("WTSP"), and Lisa A. Reynolds, as WTSP correctional officer. Mr. Littles did not name TDOC as a respondent.

In response, Respondents filed a Motion to Dismiss, alleging that the only proper respondent was TDOC, that the Lauderdale County Chancery Court lacked subject matter jurisdiction to consider the Petition, and that Mr. Littles had no due process rights in the disciplinary hearing. On October 25, 2000, Mr. Littles filed a Motion for Order Denying Respondents' Motion to Dismiss.[1]

On December 18, 2001, the Chancellor entered an Order of Dismissal. That Order provides, in relevant part:

> 1.     In a petition for certioriari concerning a disciplinary board decision, the only proper party is the Tennessee Department of Corrections ("TDOC"). See Buford v. Tennessee Dep't. of Correction, 1999 Tenn. App. LEXIS 755. The Plaintiff sued Donal L. Campbell, James A. Dukes, and Lisa A. Reynolds. The Plaintiff did not sue the TDOC, nor has the Plaintiff filed an amended petition to sue the TDOC.
>
> As the TDOC is the only proper party, this lawsuit should be dismissed.
>
> 2.     The Respondents argue that Davidson County, not Lauderdale County, is the proper venue of this petition. The Respondents cite Bishop v. Conley, 894 S.W.2d 294, 296 (Tenn. Crim. App. 1994), in which a prisoner challenged a disciplinary hearing through a habeas corpus proceeding. This Court disagrees with the Respondents' arguments and finds that Lauderdale County is the proper venue for this case.

---

[1] On February 1, 2001, Mr. Littles filed a Motion for Ruling on his Motion of October 25th, and on April 3, 2001 filed a Petition for Writ of Mandamus in this Court, asking the Court to direct the chancery court to respond to his prior motions. On April 11, 2001, this Court entered an Order denying Mr. Little's Petition for Writ of Mandamus and remanding the case back to the chancery court.

3.      The Respondents argue that the common law writ of certiorari is not proper because the disciplinary board acted neither unlawfully nor did it violate the Petitioner's Constitutional rights.

*   *   *

The Petitioner asserts that (a) an improper investigation was conducted by Corporal Ottinger, (b) there was a lack of sufficient evidence to support the conviction, (c) he was denied an impartial disciplinary tribunal, and (d) there was a lack of adequate assistance by an inmate advisor,  Items (a) and (b) deal with the intrinsic correctness of the decision of the tribunal.  It was the decision of the disciplinary board to determine if the investigation was proper based upon the testimony it heard. If the disciplinary board had determined that the investigation was improper and insufficient, it would have found the Petitioner not guilty of the charges.  Item (b) (the lack of sufficient evidence to support the conviction) deals exclusively with whether the decision of the disciplinary board was correct.  In item (c), the Petition concludes that the tribunal was not impartial because he, as a conspirator, received more time in involuntary administrative segregation than did the perpetrator of the fight.  This is the only supporting evidence that the Petitioner gives for his conclusion of item (c).  The Petitioner's reasoning is faulty.  The fact that the Petitioner's sentence was more lengthy that the perpetrator's is no reason to conclude that the disciplinary board was not impartial.  As to item (d), the Petitioner supports his statement that his inmate advisor provided inadequate assistance because, after the hearing, the inmate advisor lost an affidavit, had the Petitioner file a blank disciplinary appeal (which was against proper and accepted procedures), and did not present proper issues in the first appeal to Commissioner Campbell.  The Petitioner makes no statement as to what the legal advisor did or did not do during the actual hearing that constituted inadequate assistance. The fact that the advisor did not, in the Petitioner's opinion, perfect the appeal and present the proper issues on appeal is not an indication that the advisor was inadequate during the hearing before the disciplinary board.

For the reasons that the Petitioner has named the wrong respondents and that the Petitioner has failed to set out facts which show that the disciplinary board exceeded its jurisdiction or acted illegally, arbitrarily, or fraudulently, the petition for certiorari is dismissed.

(footnotes omitted).

Mr. Littles has appealed. The only two issues before this Court are: (1) Whether the trial court erred in dismissing the Petition for lack of a proper respondent; and (2) Whether the trial court erred in dismissing the Petitioner for failure to state a claim that the disciplinary board acted illegally and arbitrarily. For the following reasons, we affirm the Order dismissing Mr. Littles' Petition.

A motion to dismiss a complaint for failure to state a claim upon which relief can be granted tests the legal sufficiency of the complaint. It admits the truth of all relevant and material allegations but asserts that such allegations do not constitute a cause of action as a matter of law. *See Riggs v. Burson*, 941 S.W.2d 44 (Tenn. 1997). Obviously, when considering a motion to dismiss for failure to state a claim upon which relief can be granted, we are limited to the examination of the complaint alone. *See Wolcotts Fin. Serv., Inc. v. McReynolds*, 807 S.W.2d 708 (Tenn. Ct. App. 1990). The basis for the motion is that the allegations in the complaint considered alone and taken as true are insufficient to state a claim as a matter of law. *See Cornpropst v. Sloan*, 528 S.W.2d 188 (Tenn.1975). In considering such a motion, the court should construe the complaint liberally in favor of the plaintiff, taking all the allegations of fact therein as true. *See Cook Uithoven v. Spinnaker's of Rivergate, Inc.*, 878 S.W.2d 934 (Tenn.1994).

We first address Mr. Little's second issue: Whether the trial court erred in dismissing the Petition for failure to state a claim that the disciplinary board acted illegally and arbitrarily.

In *Armstrong v. Tenn. Dep't. of Corr.*, No. M2000-02328-COA-R3-CV, 2001 Tenn. App. LEXIS 428 (Tenn. Ct. App. June 7, 2001), this Court said:

> As the trial court correctly pointed out, the scope of review under a common law writ of certiorari is very narrow. It does not involve an inquiry into the intrinsic correctness of the decision of the tribunal below, but only as to whether that tribunal has exceeded its jurisdiction, or acted illegally, fraudulently or arbitrarily. *See Powell v. Parole Eligibility Review Board*, 879 S.W.2d 871, 873 (Tenn. Ct. App. 1994); *Yokley v. State*, 632 S.W.2d 123 (Tenn. Ct. App. 1981). The writ is not available as a matter of right, but is granted under unusual or extraordinary circumstances. *Clark v. Metro Government of Nashville*, 827 S.W.2d 312, 316 (Tenn. Ct. App. 1991). Its grant or denial is within the sound discretion of the trial court. *Boyce v. Williams*, 389 S.W.2d 272 (Tenn. 1965).

*Id*., at *4.

Judicial review of the decision of a lower board or tribunal under the common law writ of certiorari "may be had only when the trial court finds that the Board has acted in violation of constitutional

or statutory provisions or in excess of its own statutory authority; has followed unlawful procedure or been guilty of arbitrary or capricious action; or has acted without material evidence to support its decision." ***Watts. v. Civil Service Bd.***, 606 S.W.2d 274, 277 (Tenn. 1980).

Mr. Littles, in his Petition, has alleged that the Respondents acted illegally by violating his due process rights under the Tennessee and United States Constitutions. Specifically, Mr. Littles alleges due process violations as a result of: (1) the alleged failure of the investigating officer to conduct a proper investigation into the incident which triggered the disciplinary process; (2) insufficient evidence to support the conviction; (3) an alleged denial of an impartial disciplinary tribunal; (4) alleged inadequate assistance from the inmate adviser; and (5) his alleged inability to contest his placement in segregation.

The Due Process Clause of the Fourteenth Amendment protects individuals in part by guaranteeing fair procedure. ***See Zinermon v. Burch***, 494 U.S. 113, 125 (1990). "In procedural due process claims, the deprivation by state action of a constitutionally protected interest in 'life, liberty, or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest without due process of law." ***Id.*** Such a claim is not actionable until the State fails to provide due process. ***See id.*** The question, therefore, is what process is due, if any, and whether the process the State provides is constitutionally adequate. ***See id***.

In order to determine what, if any, process is due Mr. Littles, we must first determine whether the punishment he received from the disciplinary board implicates a constitutionally protected liberty interest. The Sixth Circuit Court of Appeals has held that "policy statements and other promulgations by prison officials" can create liberty interests, the abrogation of which may violate a prisoner's due process rights. ***Bills v. Henderson***, 631 F.2d 1287, 1291 (6th Cir. Tenn. 1980). Similarly, the Sixth Circuit has noted that:

> Where statutes or prison policy statements have limited prison officials' discretion by imposing a specific prerequisite to the forfeiture of benefits or favorable living conditions enjoyed by a prisoner, an expectation or entitlement has been created which cannot be taken away without affording the prisoner certain due process rights.

***Id***. at 1292-93. The United States Supreme Court has added a requirement that only those restraints to a prisoner's liberty which impose an "***atypical and significant hardship*** on the inmate in relation to the ordinary incidents of prison life" are actionable under the Due Process Clause. ***Sandin v. Conner***, 515 U.S. 472, 484 (1995) (emphasis added).

Once a court determines that the restraints imposed upon the prisoner's liberty are indeed "atypical" and a "significant hardship," the court must next determine what type of process is constitutionally required. Under the United States Supreme Court's decision in ***Wolff v. McDonnell***, 418 U.S. 539, 556 (1974), the Due Process Clause of the United States Constitution

requires that prisoners subject to disciplinary proceedings be given: (1) written notice of any charges made against the prisoner at least twenty-four (24) hours before a hearing is held; (2) the opportunity to present witnesses; (3) an impartial tribunal; and (4) a written statement from the tribunal indicating what evidence the factfinder relied upon and the reasons for the disciplinary actions taken. *See also Nevills v. S. Cent. Corr. Disciplinary Bd.*, No. M2000-02324-COA-R3-CV, 2001 Tenn. App. LEXIS 714, at *13 (Tenn. Ct. App. Sept. 25, 2001).

In this case, Mr. Littles alleges that his placement in administrative segregation for an undetermined period of time constituted an atypical and significant hardship and, therefore, implicated a liberty interest which requires the protections of due process. Mr. Littles explains that, while he is being held in administrative segregation, he is classified a "maximum custody inmate." Under T.C.A. § 40-35-501(l)(2) (Supp. 2001), the Parole Board cannot certify an inmate for a parole hearing while the inmate is in maximum custody, and that this prohibition continues until two years after the inmate's security status is reduced. We cannot agree that this inability to obtain certification for a parole hearing constitutes a liberty interest which requires due process protections.

Under Tennessee law, a prisoner acquires no due process right to early parole or to a hearing on early parole. *See, e.g., Wright v. Trammell*, 810 F.2d 589, 591 (6th Cir. 1987); *Frazier v. Hesson*, 40 F. Supp. 2d 957, 964 (W.D. Tenn. 1999); *Kaylor v. Bradley*, 912 S.W.2d 728, 735 (Tenn. Ct. App. 1995). This Court, in *Kaylor*, held that "[t]he Due Process Clauses of the state and federal constitutions protect only genuine claims involving pre-existing entitlements. They do not protect unilateral expectations or abstract needs or desires." *Id.* Unless a prisoner has a vested right in early release, he cannot state a due process claim. *See id.*

Since Tennessee recognizes no constitutional right to early release, Mr. Littles cannot show that he has suffered a deprivation of a liberty interest.[2] Because no liberty interest is implicated in this case, we do not need to address whether the Board provided Mr. Littles with the due process requirements found in *Wolff*.

Inasmuch as Mr. Littles cannot show that he has been deprived of a liberty interest under the above analysis, the second issue, regarding proper parties to this action, is pretermitted.

For the foregoing reasons, we affirm the order of the trial court dismissing the Petition for failure to state a claim upon which relief may be granted. This case is remanded to the trial court for any further proceedings consistent with this opinion. Costs of this appeal are assessed to the Petitioner/Appellant, Larry Littles.

---

[2]We also note that, as the District Court explained in *Frazier*, "[t]his conclusion is not altered by the language of the statute the "extensions in the release eligibility date provided for herein and in other sections of this chapter shall only be imposed following a hearing conducted in accordance with due process of law." This merely enunciates a state law procedural requirement, not the existence of a liberty interest." 40 F. Supp. at 966.

W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.