IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 30, 2002

## CHRISTOPHER POPE v. TENNESSEE DEPARTMENT OF CORRECTION

**Appeal from the Chancery Court for Davidson County**
**No. 01-2092-II    Carol McCoy, Chancellor**

**No. M2001-02937-COA-R3-CV - Filed August 8, 2003**

A prisoner in the custody of the Department of Correction was found guilty of a disciplinary offense and sentenced to punitive segregation. He subsequently filed a Petition for Writ of Certiorari, claiming that he was not afforded due process during the disciplinary hearing at which he was convicted. The trial court dismissed his Petition for failure to state a claim. We affirm the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed and Remanded**

BEN H. CANTRELL, P.J., M.S., delivered the opinion of the court, in which WILLIAM C. KOCH, JR. and WILLIAM B. CAIN, JJ., joined.

Christopher Pope, Nashville, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; Stephen R. Butler, Assistant Attorney General, for the appellee, State of Tennessee.

## OPINION

### I. A DISCIPLINARY CONVICTION

Christopher Pope is an inmate in the custody of the Tennessee Department of Correction. On March 15, 2001, he was issued a disciplinary report for conspiracy to violate state law. The charge was based on an investigation into a possible conspiracy to bring drugs into the Riverbend Maximum Security Institution. Apparently, information as to the alleged scheme was obtained through the inmate telephone system and a confidential informant. The disciplinary board conducted a hearing, and found Mr. Pope guilty of the charge on March 19. He was sentenced to punitive segregation and was fined $5.

Mr. Pope appealed the Board's decision to Warden Ricky Bell, who affirmed it on March 29, 2001. A subsequent appeal to Commissioner Donal Campbell resulted in another affirmance on May 2, 2001. The inmate then filed a Petition for Writ of Certiorari in the Chancery Court of Davidson County.[1] In his petition, Mr. Pope claimed among other things that he did not receive a fair and impartial hearing, complained that he was not permitted to conduct cross-examination about a confidential informant, and insisted that he could not be guilty of conspiracy because a testifying correctional officer conceded that no drugs had been brought into the institution.

On August 24, 2001, the Department of Correction filed a Motion to Dismiss Mr. Pope's petition under Tenn. R. Civ. P. 12.02(1) and 12.02(6) respectively, for lack of subject matter jurisdiction and failure to state a claim for which relief can be granted. Mr. Pope's Response asserted that he was deprived of the minimal due process that he was entitled to, citing the authority of *Wolff v. McDonnell*, 418 U.S. 539 (1974). On November 8, 2001, the trial court ruled on the motion.

The court held that Mr. Pope's petition was timely filed, and thus that it could exercise jurisdiction. But it dismissed the petition for failure to state a claim. The court relied on the case of *Sandin v. Conner*, 515 U.S. 472 (1995), which limits judicial review of prison disciplinary proceedings that have resulted in penalties such as those imposed on Mr. Pope. This appeal followed.

## II. *SANDIN V. CONNER*

In *Sandin v. Conner*, supra, the Supreme Court reasoned that due process guarantees apply in the context of prison disciplinary proceedings only when a constitutionally protected liberty interest is threatened. When the punishment imposed is within "the ordinary incidents of prison life," there is no deprivation of a protected liberty interest, and thus the prisoner is not entitled to invoke the protection of due process.

Mr. Sandin had been sentenced to thirty days punitive segregation for his disciplinary infraction, and the court held that such a sentence does not constitute an "atypical or significant hardship," that would trigger due process. In accordance with *Sandin v. Conner,* this court has consistently rejected due process claims based on challenges to brief sentences of punitive segregation. *See Littles v. Campbell*, 97 S.W.3d 568 (Tenn. Ct. App. 2002); *Robinson v. Clement*, 65 S.W.3d 632 (Tenn. Ct. App. 2001); *Williams v. Tennessee Dept. of Corr.,* No. M2000-02905-COA-R3-CV (Tenn. Ct. App. Aug. 28, 2002), *perm. to appeal denied*, (Tenn. Jan. 27, 2003).

Mr. Pope claims that his disciplinary conviction involves an atypical and significant hardship which falls outside the ordinary incidents of prison life, because of the consequences that followed.

---

[1] Though the petition was not filed until July 3, 2001, Mr. Pope "delivered it to the appropriate individual at the correctional facility" on June 28, thus rendering it timely filed in accordance with Rule 5.06, Tenn. R. Civ. P.

He complains that he has been moved from minimum security to maximum security which has caused a postponement of his parole eligibility, and made it impossible for him to earn sentence reduction credits.

We have, however, also rejected arguments that such punishments create protected liberty interests under the *Sandin* standard. *See Hensley, v. Tennessee Department of Correction,* No. M2001-02343-COA-R3-CV (Tenn. Ct. App. Mar. 4, 2003); *Littles v. Campbell*, 97 S.W.3d 568 (Tenn. Ct. App. 2002)(postponement of parole hearings); *Henderson v. Lutche*, 938 S.W.2d 428 (Tenn. Ct. App. 1996)(loss of the opportunity to receive sentence reduction credits). It thus appears to us that the trial court was correct to hold Mr. Pope's due process claim to be without merit.

### III. WRIT OF CERTIORARI

But even where a prisoner has been found not to be entitled to due process in a disciplinary proceeding, the court retains the right to issue a writ of certiorari if it believes that the disciplinary board has exceeded its jurisdiction, or that its actions were illegal, fraudulent or arbitrary. *Turner v. Tennessee Board of Paroles*, 993 S.W.2d 78 (Tenn. Ct. App. 1999); *Powell v. Parole Eligibility Review Board*, 879 S.W.2d 871 (Tenn. Ct. App. 1994); *Yokley v. State*, 632 S.W.2d 123 (Tenn. Ct. App. 1981).

In the present case, Mr. Pope alleged that the prison disciplinary board did act arbitrarily, illegally and fraudulently. But the use of these conclusory terms does not entitle him to the writ. *See Powell v. Parole Eligibility Review Board*, 879 S.W.2d 871, 873 (Tenn. Ct. App. 1994). It is rather the nature of the specific allegations that determines whether the trial court will exercise its discretion to issue the writ.

Mr. Pope's primary objections to the conduct of the disciplinary hearing are that he was not allowed to be present while the reporting officer gave testimony about a confidential source, and that he was convicted of participating in a conspiracy to bring drugs into the prison, despite the fact that the reporting officer admitted that no drugs were confiscated in the prison as a result of the investigation. The prisoner concludes that he was convicted "based on no proof and no corroborating evidence."

As Mr. Pope correctly points out, the use of confidential informants in prison disciplinary proceedings raises a host of questions about the fairness of those proceedings. How is the defendant to challenge the truthfulness of the informant if he does not even know his identity? How is the Board to evaluate the reliability of the evidence he presents? Nonetheless, the peculiar circumstances of prison life sometimes make it necessary to keep the identity of witnesses confidential. We note that the Uniform Disciplinary Procedures of the Department of Correction, Index # 502.01(VI)(e) recognizes this by providing that,

> 1. The inmate charged with the rule infraction(s) shall have the right to appear in person before the board/hearing officer at all times, except:

a. When the board/hearing officer is receiving testimony from a confidential source.

It thus appears to us that there was no per se illegality or arbitrary conduct when Mr. Pope was excluded from the hearing while the Board heard testimony derived from a confidential source.

Also, the admission that there was no proof that drugs were actually brought into the prison by people in communication with Mr. Pope does not negate the charge of conspiracy. The essence of a conspiracy is an agreement by two or more people to commit a criminal offense, and an overt act by one or more of the conspirators in furtherance of that agreement. Tenn. Code Ann. § 39-12-103.

Even in a criminal prosecution, it is not necessary to prove that the object of the conspiracy was accomplished in order to obtain a conviction for conspiracy, *see* Tenn. Code Ann. § 39-12-103(g). Thus, the apparent failure of Mr. Pope's alleged accomplice(s) to bring drugs into the prison does not negate the evidence of conspiracy, although it may go to the weight of that evidence.

However, under the writ of certiorari it is not the function of the trial court to re-weigh the evidence. *Robinson v. Clement,* 65 S.W.3d 632 (Tenn. Ct. App. 2001); *421 Corp. v. Metropolitan Government of Nashville and Davidson County,* 36 S.W.3d 469 (Tenn. Ct. App. 2000). As we stated above, the court may only examine the lower tribunal's decision to determine whether it exceeded its jurisdiction or acted illegally, fraudulently, or arbitrarily.

Finally, we interpret Mr. Pope's complaint that his conviction was "based on no proof and no corroborating evidence" as an attack on the intrinsic correctness of the disciplinary board's determination. But the intrinsic correctness of the Board's decision is not reviewable under the writ of certiorari. *Turner v. Tennessee Bd. of Paroles,* 993 S.W.2d 78, 80 (Tenn. Ct. App. 1999); *Arnold v. Tennessee Board of Paroles,* 956 S.W.2d 478 (Tenn. 1997). We must therefore conclude that the trial court did not abuse its discretion in declining to grant the writ.

**IV.**

The order of the trial court is affirmed. Remand this cause to the Chancery Court of Davidson County for further proceedings consistent with this opinion. Tax the costs on appeal to the appellant, Christopher Pope.

_____
BEN H. CANTRELL, PRESIDING JUDGE, M.S.