IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 31, 2003


JOE CLARK MITCHELL v. CORRECTIONS CORPORATION OF
AMERICA, ET AL.


Appeal from the Chancery Court for Wayne County
No. 10349    Robert L. Jones, Judge

———————————

No. M2002-00371-COA-R3-CV - Filed July 11, 2003

———————————


An inmate in a Tennessee prison operated by Corrections Corporation of America (CCA), filed suit against CCA, twelve of its employees and officers, and four officials of the Tennessee Department of Correction (TDOC) claiming that they were responsible for the illegal confiscation of his personal property. The trial court granted summary judgment to the CCA defendants, and dismissed the complaint against the TDOC defendants for failure to state a claim. We affirm the trial court's dismissal of the TDOC defendants, but reverse the summary judgment for CCA and those of its agents who directly participated in the confiscation of the plaintiff's property.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Affirmed in Part; Reversed in Part; Remanded**

BEN H. CANTRELL, P.J., M.S., delivered the opinion of the court, in which WILLIAM B. CAIN, J., joined. WILLIAM C. KOCH, JR., J., filed a concurring opinion.

Joe Clark Mitchell, Clifton, Tennessee, Pro Se.

Tom Anderson, Jackson, Tennessee, for the appellees, Corrections Corporation of America, Doctor R. Crants, Kevin Myers, Danny Scott, Edwin Hampton, Daryl Crews, Arvil Chapman, Charles Grimes, Lee Campbell, Eric Milligan, Gene Maples, Linda Rochell and LaRonda Kelly.

Paul G. Summers, Attorney General and Reporter; Stephanie R. Reevers, for the appellees, Donal Campbell and Jim Rose.

# OPINION

## I. AN INMATE'S PERSONAL PROPERTY

Joe Clark Mitchell is an inmate at the South Central Correctional Center, a prison operated by Corrections Corporation of America. The cell he shared with inmate Robert Rose was searched by two correctional officers on August 11, 1998. The officers took two unopened boxes of detergent from the cell, and after x-raying them, allegedly found a home-made knife in one of them. Mr. Mitchell and his cell mate were both charged with possession of a deadly weapon. Inmate Mitchell was subsequently found guilty of the charge.

Mr. Mitchell was sentenced to ten days in punitive segregation, a six-month package restriction and a disciplinary fine of $5.00. When he was taken to segregation, Mitchell was not permitted to pack up the considerable quantity of personal property he allegedly kept in his cell. This was later done by correctional officers. After being released from segregation, he went to the property room to pick up his goods. What happened next is a matter of dispute.

Mr. Mitchell claimed that the property room officers told him that his property and that of inmate Rose had been inventoried together, and that none of it could be returned unless it could be separated in the presence of both inmates. When Mitchell returned with his cell mate, he was told they had to leave, because new inmates were coming in. He was also told that some of the property could not be returned, but had to be mailed out of the prison, because such items were not permitted in the institution. One item, a CD and cassette player, was returned, but in a damaged condition. Mitchell claimed that he returned to the property room twice, asking to be allowed to inventory his remaining property prior to mailing it home, but that he was not allowed to do so.

The property room officers confirmed that when Mr. Mitchell appeared at the property room, he was told that several items could not be returned to him because of CCA policy. They claimed that he refused to accept any of the property if he could not have it all. They stated that since he did not retrieve it within the next thirty days, they contributed it to a non-profit agency as a charitable donation.

After he was denied the opportunity to inventory his property, Mitchell submitted two grievances asking for its return. The authorities refused to file the grievances, on the ground that the only appropriate way for him to proceed was via a property claim. Apparently, Mr. Rose's property was not returned to him either, and he submitted a grievance as well.

## II. COURT PROCEEDINGS

On December 22, 1998, Joe Clark Mitchell filed a pleading in the Chancery Court of Wayne County styled "Writ of Possession/Action to Recover Personal Property." He also filed a Motion to Proceed in Forma Pauperis, together with the affidavits required by Tenn. Code Ann. § 41-21-801, et seq. Mr. Mitchell's pleading named as defendants CCA, its chairman, Doctor R. Crants, the

officers who searched his cell, those who sat on the disciplinary board, those who refused to return his property to him, and the officers who denied his grievance. The Complaint also named Commissioner of Correction Donal Campbell, Assistant Commissioner Jim Rose, and the Commissioner's Liaisons with the CCA prison authorities.

The plaintiff claimed that the defendants all conspired together to deprive him of his personal property, and that they confiscated it with the intent to keep or sell it. He attached a list of property to his complaint, which included clothing, gold chains, diamond rings, a family photo album, CDs and tapes, and law books.[1] He asked for the return of the property or its cash value, and for punitive damages of $5,000 from each of the named defendants.

On February 12, 1999, the CCA defendants filed their Answer, and asked the court to dismiss Mr. Mitchell's complaint for failure to state a claim for which relief can be granted. *See* Tenn. R. Civ. P. 12.02(6). They denied that they had illegally confiscated plaintiff's property, and asserted that the property was donated to charity after he failed to pick it up or mail it out of the institution within thirty days. On November 14, 2000, the CCA defendants filed a Motion for Summary Judgment, supported by a Memorandum of Law and a Statement of Undisputed Facts.

On April 13, 1999, the TDOC defendants filed their Motion to Dismiss under Tenn. R. Civ. P. 12.02(6) and for lack of subject matter jurisdiction. They claimed that insofar as this was a claim against the State, based upon negligent care, custody or control of personal property, jurisdiction lay with the Claims Commission rather than the trial court. *See* Tenn. Code Ann. § 9-8-307(a)(1)(F).

They further claimed that as employees of the State of Tennessee, they enjoyed absolute immunity from liability for any acts within the scope of their employment. Tenn. Code Ann. § 9-8-307(h). Finally, they argued that the plaintiff could not proceed against them in their personal capacity because they had not been personally served, and because they had no personal involvement whatsoever "in the alleged confiscation or retention of plaintiff's property by employees of Corrections Corporation of America."

The record is somewhat lengthy, and we do not think it necessary to recite all the motions and responses that were filed prior to the hearings on the dispositive motions. We note that Mr. Mitchell filed an Amended Complaint, which somewhat expanded his allegations of unfair treatment. He claimed there were irregularities in the disciplinary proceedings against him that violated due process, and that he was unjustly deprived of his job as a sports writer for the monthly prison newspaper because of his disciplinary conviction.

On May 19, 1999, the trial court granted the motion of the TDOC defendants, and dismissed the claims against them. On November 1, 2001, the court granted summary judgment to the CCA

---

[1] A "Personal Property Storage Request Form" which Mr. Mitchell appended to his complaint does not mention any jewelry, but only articles of clothing and bedding, photo albums, magazines, 49 cassette tapes, and 25 music CDs. The form is signed by two correctional officers, but not by Mr. Mitchell.

defendants, and dismissed all claims against them. Mr. Mitchell then filed a "Motion for Relief from Judgment or Orders," which was denied. This appeal followed.

### III. ARGUMENTS ON APPEAL

We must note at the outset that Mr. Mitchell's arguments in regard to the validity of the disciplinary proceedings against him and the loss of his prison job are beyond the scope of this court's review. Although he alleges some irregularities in the disciplinary proceedings, his sentence of ten days punitive segregation is not an "atypical and significant hardship in relation to the ordinary incidents of prison life" and is thus not actionable under the Due Process Clause. *See Littles v. Campbell*, 97 S.W.3d 568 (Tenn. Ct. App. 2002); *Sandin v. Conner*, 515 U.S. 472 (1995).

Further, the only vehicle for obtaining limited judicial review of a prison disciplinary proceeding is through a common-law writ of certiorari. *Robinson v. Clement*, 65 S.W.3d 632 (Tenn. Ct. App. 2001). Mr. Mitchell has not chosen to follow that route. Finally, it is well-established that a prisoner has no property interest in a prison job that the courts are obligated to protect. *Blackmon v. Campbell*, App. No. 01A01-9807-CH-00361 (Tenn. Ct. App. Feb. 23, 1999).

### A. THE TDOC DEFENDANTS

It appears to us that stripped to its essentials, Mr. Mitchell's complaint states a simple claim for conversion of personal property. It is unclear, however, why the plaintiff named officers and employees of the Tennessee Department of Correction as defendants. He insists that his suit is directed against them in their personal capacity only, and that he is not seeking to reach the state, its treasury, funds or property. Yet he has not alleged any actions on their part relative to his missing property, and relies solely on a conclusory assertion that they participated in the conspiracy against him. We agree with the trial court that the plaintiff has failed to state a claim against these defendants for which relief can be granted.

### B. THE CCA DEFENDANTS

The same reasoning that applies to the TDOC defendants also applies to most of the CCA defendants. Officer Edwin Hampton's apparent offense in Mr. Mitchell's eyes was that he sat on the Disciplinary Board that convicted him of a possession of a deadly weapon. Eric Milligan was faulted for refusing to hear the inmate's grievance, and Danny Scott for concurring in Officer Milligan's decision. Gene Maples, LaRonda Kelly and Linda Rochelle were all involved in the decision to remove the inmate from his newspaper job. Mitchell wrote a letter to the Chairman of the Board of CCA, Doctor R. Crants, to ask for help with the recovery of his property, to which the executive did not reply. The plaintiff has not alleged that any of these individuals were directly involved in the loss of his property.

It appears to us that the only defendants against whom an action could possibly lie are those who actually exercised dominion and control over his property. As best as we can determine, these

-4-

were Officers Arvil Chapman and Charles Grimes, who searched the inmate's cell and inventoried his property, and Daryl Crews who supervised the property room. The above-mentioned defendants are employees of CCA, and since they appear to have been acting within the course and scope of their employment, CCA may also be subject to vicarious liability for their actions.

## IV. SUMMARY JUDGMENT

The standards for summary judgment are too well-known to require much elaboration here. A party who moves for summary judgment must demonstrate that there is no genuine issue as to any material fact, and that he is entitled to judgment as a matter of law. *Byrd v. Hall*, 847 S.W.2d 208 (Tenn. 1993); *Taylor v. Nashville Banner Publishing Company,* 573 S.W.2d 476 (Tenn. Ct. App. 1978). When ruling on the motion, the trial court must view the record in the light most favorable to the opponent of the motion, *Wyatt v. Winnebago Industries,* 566 S.W.2d 276 (Tenn. Ct. App. 1977), and must draw all legitimate conclusions of fact in favor of the opponent. *Gray v. Amos*, 869 S.W.2d 925 (Tenn. Ct. App. 1993); *Keene v. Cracker Barrel Old Country Store, Inc.,* 853 S.W.2d 501 (Tenn. Ct. App. 1992).

To assist the trial court in making summary judgment determinations, the Rules of Civil Procedure now require the moving party to submit with its Motion a Statement of Undisputed Facts. The non-moving party must then respond to each of the alleged facts by either agreeing that the fact is undisputed, agreeing that it is undisputed for the purposes of the ruling on the motion only, or demonstrating that the fact is disputed. Tenn. R. Civ. P. 56.03.

The Statement of Undisputed Facts filed by the CCA defendants included assertions that inmates Mitchell and Rose refused to accept any of their property if they could not have it all without an inventory being conducted, and that Mitchell's property was disposed of after thirty days had passed, as a result of his failure to pick up his property or arrange to have it mailed out of the facility. In his response, Mr. Mitchell denied both of these assertions. He noted that after being refused access to his property, he submitted two grievances asking for inventories to be performed, and he insisted that the defendants did not allow him to do his own inventory of the property or to mail any of it home. There is nothing in the defendants' statement to refute either of these assertions.

It appears to us that Mr. Mitchell's argument is well-taken. While penal institutions, whether operated by the state or by a private corporation, must be able to exercise a considerable measure of control over the property of the inmates in their care, this does not mean that the inmate has surrendered all his property rights to the institution's employees. *See Littles v. Campbell*, 97 S.W.3d 568 (Tenn. Ct. App. 2002).

In the present case, the plaintiff has alleged that after the defendants removed his property from his cell, they illegally withheld it from him and/or prevented him from mailing it to family members, and finally disposed of it in a manner of their own choosing. While we do not know if he will be able to prove that the defendants' handling of his property was improper, Mr. Mitchell has raised a genuine issue of material fact, and thus summary judgment was not an appropriate vehicle for dealing with his claim.

**V.**

We affirm the trial court's dismissal of the TDOC defendants. We also affirm the summary judgments in favor of Doctor R. Crants, Kevin Myers, Danny Scott, Edwin Hampton, Daryl Crews, Lee Campbell, Eric Milligan, Gene Maples, Linda Rochelle and LaRonda Kelly. We reverse the summary judgments for CCA, Arvil Chapman, Charles Grimes, and Daryl Crews. Remand this cause to the Chancery Court of Wayne County for further proceedings consistent with this opinion. Tax the costs on appeal to the appellee Correction Corporation of America.

_____
BEN H. CANTRELL, PRESIDING JUDGE, M.S.