IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 2, 2001

## TARRANCE ROBINSON v. NEIL CLEMENT, ET AL.

**Appeal from the Chancery Court for Davidson County**
**No. 00-2928-III     Ellen Hobbs Lyle, Chancellor**

---

**No. M2001-00365-COA-R3-CV - Filed August 27, 2001**

---

This appeal involves a state prisoner housed at the Riverbend Maximum Security Institution who was disciplined for possessing a deadly weapon. After exhausting his internal appeals, the prisoner filed a common-law writ of certiorari in the Chancery Court for Davidson County, alleging that the disciplinary proceedings had violated his due process rights. The trial court granted the State's motion to dismiss the petition. On this pro se appeal, the prisoner asserts that the trial court erred by dismissing his petition. We have determined that the prisoner's petition does not state a claim upon which relief can be granted and, therefore, affirm the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

WILLIAM C. KOCH, JR., J., delivered the opinion of the court, in which WILLIAM B. CAIN and PATRICIA J. COTTRELL, JJ., joined.

Tarrance Robinson, Nashville, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; and Stephanie R. Reevers, Associate Deputy Attorney General; Nashville, Tennessee, for the appellees, Neil Clement, James Gary, Brenda Morrison, and Betty Preston.

**OPINION**

**I.**

Tarrance Robinson is incarcerated at the Riverbend Maximum Security Institution in Nashville. On July 21, 2000, Corporal Neil Clement received a confidential note stating that Mr. Robinson had pulled a knife on another prisoner. Acting on the note, Corporal Clement and Officer James Gary conducted a strip search of Mr. Robinson in his cell. During that search, an object fell to the floor from the area of Mr. Robinson's buttocks. Mr. Robinson quickly grabbed the object, forced his way between the officers, and flushed the object down the toilet. Corporal Clement, believing the object to have been a piece of metal, charged Mr. Robinson with possession of a deadly weapon.

On July 24, 2000, Riverbend's disciplinary board convened to hear evidence regarding the charge against Mr. Robinson. Mr. Robinson conceded at the hearing that the object was contraband but denied that it was a deadly weapon. Based on the testimony of Corporal Clement and Officer Gary, the board found Mr. Robinson guilty of possession of a deadly weapon. The board sentenced Mr. Robinson to twenty days of punitive segregation, a $5 fine, and recommended him for administrative segregation. Mr. Robinson lost his prison job when he was placed in punitive segregation. Mr. Robinson pursued his internal appeals which ultimately proved unsuccessful on August 24, 2000, when Assistant Commissioner Jim Rose declined to set aside the disciplinary board's decision.

On September 9, 2000, Mr. Robinson filed a petition for common-law and statutory writs of certiorari[1] in the Chancery Court for Davidson County, asserting that the disciplinary proceeding did not comply with the Department of Correction's policies and that the disciplinary board's decision lacked evidentiary support. The institutional officials responded that Mr. Robinson had sued the wrong parties and that his petition failed to state a claim upon which relief can be granted. The trial court filed a memorandum and order on December 12, 2000, concluding that Mr. Robinson had sued the wrong parties and that his petition failed to state a claim upon which relief can be granted because he had failed to demonstrate that the disciplinary board's action had infringed on a liberty or property interest entitled to procedural due process protection.

## II.
### STANDARD OF REVIEW

A common-law writ of certiorari is an extraordinary judicial remedy. *Robinson v. Traughber*, 13 S.W.3d 361, 364 (Tenn. Ct. App. 1999); *Fite v. State Bd. of Paroles*, 925 S.W.2d 543, 544 (Tenn. Ct. App. 1996). It is not available as a matter of right, *Boyce v. Williams*, 215 Tenn. 704, 713-14, 389 S.W.2d 272, 277 (1965); *Yokley v. State*, 632 S.W.2d 123, 127 (Tenn. Ct. App. 1981), but rather is addressed to the trial court's discretion. *Blackmon v. Tennessee Bd. of Paroles*, 29 S.W.3d 875, 878 (Tenn. Ct. App. 1999). Accordingly, decisions to grant or deny a common-law writ of certiorari are reviewed using the familiar "abuse of discretion" standard. *Robinson v. Traughber*, 13 S.W.3d at 364. Under this standard, a reviewing court should not reverse a trial court's discretionary decision unless it is based on a misapplication of controlling legal principles or a clearly erroneous assessment of the evidence, *Overstreet v. Shoney's, Inc.*, 4 S.W.3d 694, 709 (Tenn. Ct. App. 1999), or unless it affirmatively appears that the trial court's decision was against logic or reasoning, and caused an injustice or injury to the complaining party. *Marcus v. Marcus*, 993 S.W.2d 596, 601 (Tenn. 1999); *Douglas v. Estate of Robertson*, 876 S.W.2d 95, 97 (Tenn. 1994).

---

[1]Mr. Robinson's petition for a statutory writ of certiorari was doomed from the start because the only vehicle for obtaining judicial review of the results of a prison disciplinary proceeding is through a common-law writ of certiorari. *Rhoden v. State Dep't of Corr.*, 984 S.W.2d 955, 956 (Tenn. Ct. App. 1998); *Bishop v. Conley*, 894 S.W.2d 294, 296 (Tenn. Crim. App. 1994).

The scope of review under a common-law writ of certiorari is extremely limited. Courts may not (1) inquire into the intrinsic correctness of the lower tribunal's decision, *Arnold v. Tennessee Bd. of Paroles*, 956 S.W.2d 478, 480 (Tenn. 1997); *Powell v. Parole Eligibility Review Bd.*, 879 S.W.2d 871, 873 (Tenn. Ct. App. 1994), (2) reweigh the evidence, *Watts v. Civil Serv. Bd. for Columbia*, 606 S.W.2d 274, 277 (Tenn. 1980); *Hoover, Inc. v. Metropolitan Bd. of Zoning Appeals*, 924 S.W.2d 900, 904 (Tenn. Ct. App. 1996), or (3) substitute their judgment for that of the lower tribunal. *421 Corp. v. Metropolitan Gov't*, 36 S.W.3d 469, 474 (Tenn. Ct. App. 2000). Rather, the writ permits the courts to examine the lower tribunal's decision to determine whether the tribunal exceeded its jurisdiction or acted illegally, fraudulently, or arbitrarily. *Turner v. Tennessee Bd. of Paroles*, 993 S.W.2d 78, 80 (Tenn. Ct. App. 1999); *Daniels v. Traughber*, 984 S.W.2d 918, 924 (Tenn. Ct. App. 1998).

## III.
### THE PROPER PARTIES IN A COMMON-LAW WRIT OF CERTIORARI ACTION

From what we gather from the trial court's memorandum and order, one of the grounds of the State's motion to dismiss was that Mr. Robinson had failed to join an indispensable party.[2] As it has on prior occasions, the State apparently asserted that the only proper defendant in a case of this sort is the Tennessee Department of Correction. We have recently held that this argument sweeps too broadly and that, depending on the circumstances, parties other than the Department may properly be named as defendants. *Seals v. Bowlen*, M1999-00997-COA-R3-CV, 2001 WL 840271, at * 3 (Tenn. Ct. App. July 26, 2001) (holding in a prison discipline case that both the disciplinary board and the warden were proper parties because each of them was authorized to impose disciplinary sanctions on the prisoner).

In this case, Mr. Robinson named as defendants, Corporal Clement and Officer Gary, the two corrections officers who conducted the search, as well as, Brenda Morrison and Betty Preston, two of the members of the prison disciplinary board. Throughout his pro se pleadings, Mr. Robinson repeatedly stated that he was seeking relief from the decision of the "administrative body" or the "disciplinary board." Accordingly, it is evident that Mr. Robinson was directing his lawsuit toward the actions of the prison disciplinary board rather than the individual corrections officers.

The trial court correctly dismissed Mr. Robinson's claims against Corporal Clement and Officer Gary because they have no authority to discipline him. However, it erred to the extent that it dismissed the claims against the members of the prison disciplinary board. Mr. Robinson did not sue Ms. Morrison or Ms. Preston as individuals, but as members of the disciplinary board. Because

---

[2]The State's motion to dismiss does not assert a defense predicated on Tenn. R. Civ. P. 12.02(7), even though Tenn. R. Civ. P. 7.02(1) requires that motions must "state with particularity the grounds therefor." We surmise that the State may have articulated this defense in the memorandum of law accompanying its motion; however, this memorandum, by operation of Tenn. R. App. P. 24(a) is not a part of the appellate record. Suffice it to say that articulating a defense in a memorandum accompanying a motion does not amount to compliance with Tenn. R. Civ. P. 7.02(1).

the disciplinary board had authority to punish Mr. Robinson under the facts of this case,[3] Mr. Robinson's claims against Ms. Morrison and Ms. Preston should have been deemed to be claims against the disciplinary board. Accordingly, rather than dismissing Mr. Robinson's petition, the trial court should simply have substituted the Riverbend Maximum Security Institution disciplinary board as a defendant.

## IV.
### MR. ROBINSON'S PROCEDURAL DUE PROCESS CLAIM

Mr. Robinson asserts that the prison disciplinary board's decision was arbitrary and illegal because it violated his procedural due process rights. He bases his due process claim on his belief that the board lacked sufficient evidence to conclude that he was possessing a deadly weapon.[4] This argument must fail for two reasons – one substantive and one procedural.

## A.
### LACK OF A PROTECTABLE PROPERTY INTEREST

We turn first to the substantive defect in Mr. Robinson's petition. To the extent that Mr. Robinson is basing his arbitrariness and illegality claim on alleged procedural due process violations, he must first allege that he has been deprived of an interest entitled to protection under the Due Process Clause of the Fourteenth Amendment. *Rowe v. Board of Educ.*, 938 S.W.2d 351, 354 (Tenn. 1996); *Armstrong v. Department of Veterans Affairs*, 959 S.W.2d 595, 597-98 (Tenn. Ct. App. 1997). Disciplinary proceedings are an ordinary part of prison life. The United States Supreme Court has held that a prisoner's due process rights are implicated only when a disciplinary action imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," *Sandin v. Conner*, 515 U.S. 472, 484, 115 S. Ct. 2293, 2300 (1995), that results in a "major disruption" of the prisoner's environment. *Sandin v. Conner*, 515 U.S. at 486, 115 S. Ct. at 2301.

Tennessee's courts have adopted the *Sandin v. Conner* rationale with regard to appeals from prison disciplinary decisions. *Henderson v. Lutche*, 938 S.W.2d 428, 430-31 (Tenn. Ct. App. 1996). Accordingly, we have heretofore determined that placement in maximum security, small fines, loss of good time credits, and loss of prison employment, either separately or in combination, do not impose a significant enough hardship to trigger due process concerns. *Seals v. Bowlen*, 2001 WL 840271, at *6 (placement in maximum security, $5 fine, ten days in punitive segregation, and loss of one month of good time credits); *Buford v. Tennessee Dep't of Corr.*, No. M1998-00157-COA-R3-CV, 1999 WL 1015762, at *5 (Tenn. Ct. App. Nov. 10, 1999) (No Tenn. R. App. P. 11 application filed) (fifteen days punitive segregation, $4 fine, and four-month package restriction); *Blackmon v. Campbell*, No. 01A01-9807-CH-00361, 1999 WL 85518, at *2 (Tenn. Ct. App. Feb. 23, 1999) (No Tenn. R. App. P. 11 application filed) (removal from a prison job).

---

[3]TDOC Policy No. 502.01(VI)(E)(3)(a).

[4]TDOC Policy No. 502.01(IV)(H) requires proof of infractions by a preponderance of the evidence.

Mr. Robinson's punishment in this case included twenty days in punitive segregation, a $5 fine, and a recommendation for punitive segregation. As a result of this punishment, he also lost his prison job. These penalties are not atypical or significant enough to trigger due process concerns. Accordingly, Mr. Robinson has failed to state a substantive claim upon which relief can be granted.

### B.
### THE LIMITATION ON THE SCOPE OF REVIEW

The second defect in Mr. Robinson's petition is a procedural one that relates to the inherent limitations in the scope of review provided by a writ of common-law certiorari. His argument that the disciplinary board's decision was not supported by the evidence is nothing more than an attack on the intrinsic correctness of the board's decision and an effort to have the courts reweigh the evidence presented to the board. A common-law writ of certiorari cannot be used to raise these sorts of issues. *Arnold v. Tennessee Bd. of Paroles*, 956 S.W.2d at 480; *Powell v. Parole Eligibility Review Bd.*, 879 S.W.2d at 873. Accordingly, the procedural vehicle that Mr. Robinson has chosen cannot provide him the relief he seeks.

### V.

The trial court did not abuse its discretion by denying Mr. Robinson's petition for writ of certiorari because its decision is fully supported by the allegations in Mr. Robinson's petition and comports with the applicable law. We need not consider the other procedural issues raised by Mr. Robinson in light of our conclusion that his petition, on its face, fails to state a claim upon which relief can be granted. Accordingly, we affirm the judgment and remand the case to the trial court for whatever further proceedings may be required. We tax the costs of this appeal to Tarrance Robinson for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., JUDGE