# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
Assigned on Briefs June 12, 2012

## JOBY LEE TEAL v. THE CRIMINAL COURT OF SHELBY COUNTY, TENNESSEE, ET AL.

**Appeal from the Criminal Court for Shelby County**
**Nos. 88-01356, 88-02264, 88-02265[1], 88-03208, 88-05374  J. Robert Carter, Jr., Judge**

---

**No. W2011-02126-CCA-R3-CO  - Filed June 13, 2012**

---

Pro se petitioner, Joby Lee Teal, seeks a declaratory judgment concerning the legality of his five 1988 convictions for drug offenses and the resulting concurrent five-year sentences he received as a result of a negotiated plea agreement.  As grounds, petitioner argues that the sentences are void because he committed the offenses while on bail and should have received consecutive sentences.  The Criminal Court for Shelby County found that declaratory judgment relief is not available to petitioner because his five concurrent sentences had expired.  Upon review of the record, we affirm the denial of relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROGER A. PAGE, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and JEFFREY S. BIVINS, JJ., joined.

Joby Lee Teal, Memphis, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Jeffrey D. Zentner, Assistant Attorney General; Amy P. Weirich, District Attorney General; and David Zak, Assistant District Attorney General, for the appellee, The Criminal Court of Shelby County, Tennessee, et al.

---

[1]  Although portions of the appellate court record reflect only four judgments, the petition and the criminal court's order of dismissal include the fifth judgment number that has been added above.

**OPINION**

**I. Factual Background**

The record reflects that on November 16, 1988, petitioner entered into a negotiated plea agreement wherein he pled guilty to four felony counts of unlawful possession of cocaine with intent to sell and one count of unlawful possession of marijuana. The trial court accepted the plea agreement, which provided that the five sentences would run concurrently with each other for an effective five-year sentence. Petitioner had committed the felony drug offenses while released on bail.

On July 26, 2011, long after petitioner's sentence expired in 1993, petitioner filed a pro se "Petition for Declaratory Judgment" in the Shelby County Criminal Court. In the petition, he attacked the five-year sentences he received in 1988. As grounds, petitioner maintained that the original trial court imposed illegal sentences because the court was without jurisdiction to enter concurrent sentences for felony offenses he committed while released on bail.

On August 1, 2011, the trial court entered an order summarily dismissing the petition for declaratory judgment. In dismissing the petition, the trial court noted that petitioner could have filed a petition for writ of habeas corpus during his incarceration, but habeas corpus relief was no longer available to him. Moreover, the court noted that petitioner was not involved with any case or controversy at that time wherein a declaratory judgment would be proper.

**II. Analysis**

In his brief, petitioner argues that the trial court erred in denying his petition for declaratory judgment. He further argues that this court has "inherent authority to review and entertain [his] claims under Tennessee's Common Law Writ of Certiorari." We note that "[a] common-law writ of certiorari is an extraordinary judicial remedy." *Robinson v. Clement*, 65 S.W.3d 632, 635 (Tenn. Ct. App. 2001) (citations omitted). This remedy is addressed to the trial court's discretion and is not available as a matter of right. *Id.* (citations omitted). This court reviews trial courts' decisions to grant or deny a common-law writ of certiorari using the "abuse of discretion" standard. *Id.* (citations omitted). "Under this standard, a reviewing court should not reverse a trial court's discretionary decision unless it is based on a misapplication of controlling legal principles or a clearly erroneous assessment of the evidence or unless it affirmatively appears that the trial court's decision was against logic or reasoning and caused an injustice or injury to the complaining party." *Id.* (internal citations omitted). Our scope of review of a trial court's decision regarding a common-law writ of

certiorari is extremely limited. *Id.* The writ permits the courts to examine the trial court's decision to determine whether it "exceeded its jurisdiction or acted illegally, fraudulently, or arbitrarily." *Id.* (citations omitted). Under this inherently limited scope of review, we find no indication that the trial court abused its discretion in failing to grant relief pursuant to the common-law writ.

We next address petitioner's claims in light of The Declaratory Judgment Act, codified in Tennessee Code Annotated section 29-14-102, which states:

> (a) Courts of record within their respective jurisdictions have the power to declare rights, status, and other legal relations whether or not further relief is or could be claimed.

> (b) No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for.

> (c) The declaration may be either affirmative or negative in form and effect; and such declaration shall have the force and effect of a final judgment or decree.

Further, "[a]ny person interested under a . . . written contract, or other writings constituting a contract, or whose rights, status, or other legal relations are affected by a statute . . . [or] contract . . . may have determined any question of construction or validity arising under the instrument, statute, . . .[or] contract . . . and obtain a declaration of rights, status or other legal relations thereunder." Tenn. Code Ann. § 29-14-103 (2010). Tennessee law is well- settled that "'to maintain an action for declaratory judgment, a justiciable controversy must exist between persons with adverse interests . . . .'" *Hester v. Music Village U.S.A., Inc.*, 692 S.W.2d 426, 427 (Tenn. Ct. App. 1985) (quoting *Parks v. Alexander*, 608 S.W.2d 881, 891-92 (Tenn. Ct. App. 1980)). "'For a controversy to be justiciable, a real question rather than a theoretical one must be presented and a real legally protectable interest must be at stake on the part of plaintiff.'" *Id.* (quoting *Parks*, 608 S.W.2d at 892).

"The doctrine of justiciability prompts courts to stay their hand in cases that do not involve a genuine and existing controversy requiring the present adjudication of present rights." *McIntyre v. Traughber*, 884 S.W.2d 134, 137 (Tenn. Ct. App. 1994) (citations omitted). "Cases must be justiciable not only when they are first filed but must also remain justiciable throughout the entire course of the litigation, including the appeal." *Id.* (citations omitted). "A moot case is one that has lost its character as a present, live controversy." *Id.* (citations omitted).

A cursory review of the record indicates that petitioner's claim is moot "because it has lost its character as a present, live controversy." *Id; see also Mack T. Transou v. State of Tennessee, Warden Ricky Bell*, No. M2010-00652-COA-R3-CV, 2011 WL 6812914, at \*1 (Tenn. Ct. App. Dec. 21, 2011). An appeal is moot "if it no longer serves as a means to provide relief to the prevailing party." *McIntyre*, 884 S.W.2d at 137 (citations omitted). By definition, a moot claim is not justiciable under the Declaratory Judgment Act. *See Mahmoud Awad Mohammad v. Nairman Faraj Meri*, No. W2011-01593-COA-R3-CV, 2012 WL 1657096, at \*5 (Tenn. Ct. App. May 11, 2012) ("the matter is moot and no longer justiciable"). Not only is petitioner's case not justiciable during his appeal, it was not justiciable at the time he first filed the action.

Moreover, relief pursuant to the Post-Conviction Procedure Act and petition for writ of habeas corpus "are the exclusive means by which an accused can obtain relief from confinement." *Herman Dezurn v. Wade Mathney*, No. C.C.A. 88-225-III, 1989 WL 14155, at \*1 (Tenn. Crim. App. Feb. 24, 1989). "The remedies of declaratory judgment, injunctive relief, civil rights remedies, and mandamus cannot be used by an accused to challenge the length of his sentence." *Id.* (citation omitted). In its order summarily dismissing petitioner's request, the Shelby County Criminal Court wrote:

> Petitioner could have filed a Petition for Post-Conviction Relief attacking his convictions within the prescribed one-year statute of limitations. Presumably, at that time he was enjoying the benefit of the concurrent sentences and did not choose to attack them.
>
> Even after the statute of limitations had run, a Petition for Writ of Habeas Corpus was available to Petitioner, while his liberty was being restrained on these cases, since the convictions were arguably void.[2]

(internal citations omitted). He did not pursue either of the available remedies during the time in which they were available to him. Petitioner has long since completed the sentences about which he now complains. Notably, the return address on the brief concerning petitioner's instant appeal indicates that he is currently incarcerated at the Federal

---

[2] During the period of petitioner's incarceration, a habeas corpus court may have entertained a petition for relief on the grounds that petitioner's sentences were void. However, in 2009, the legislature excluded petitioner's complaint, that his sentences were illegal because the trial court erroneously imposed concurrent sentences pursuant to a guilty plea, as a grounds for habeas corpus relief. Tenn. Code Ann. § 29-21-101(b)(1) (Supp. 2009); *see, e.g., Milton L. Byrd v. State*, No. E0009-02615-CCA-R3-HC, 2010 WL 4792612, at \*2 (Tenn. Crim. App. Nov. 22, 2010) ("we note that a claim of illegal sentence based upon an erroneous concurrent or consecutive imposition arising from a guilty plea is not a basis of relief in a habeas corpus proceeding").

Correctional Institute in Memphis, Tennessee. "The fact that he is now [incarcerated on an unrelated offense or] serving an unrelated sentence does not mitigate the mootness of the issue as it pertains to the [ ] sentences that have been fully served." *Mack T. Transou,* 2011 WL 6812914, at *1. The fact remains that the judgment being attacked must impose a restraint upon petitioner's freedom in order to be challenged in a habeas corpus proceeding. *Hickman v. State*, 153 S.W.3d 16, 23 (Tenn. 2004). Petitioner is now free from the restraint upon his liberty imposed by the 1988 sentences.

### III.  Conclusion

Having thoroughly reviewed the parties' briefs and the record in this case and discerning no error, we affirm the judgment of the trial court.

_____

ROGER A. PAGE, JUDGE