IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
November 17, 2022 Session

## BETTY ROSS ET AL. v. ALISIE JACKSON ET AL.

**Appeal from the Circuit Court for Shelby County**
**No. CT-003203-16  Robert Samual Weiss, Judge**

_____

### No. W2021-01006-COA-R3-CV

_____

Plaintiffs were involved in an automobile accident with Defendant and allegedly sustained personal injuries. Plaintiffs filed suit in the Shelby County General Sessions Court but were unable to get personal service on Defendant. Ultimately, Plaintiffs issued service by publication. Defendant, having never been personally served, did not appear for trial in the General Sessions Court, and Plaintiffs obtained a judgment against her. The General Sessions Court judgment was not timely appealed and became final. Plaintiffs made a demand on Defendant's insurance carrier to pay the judgment. Counsel purporting to represent Defendant on behalf of her insurance carrier subsequently filed a writ of certiorari to the Circuit Court. Plaintiffs objected to counsel's standing to appear on behalf of Defendant, but the Circuit Court granted the writ of certiorari and later granted counsel's motion to dismiss the case, finding that counsel had standing to litigate on behalf of Defendant pursuant to the court's interpretation of a contract of insurance that was not in evidence. We conclude that the trial court's conclusion as to standing was erroneous. Accordingly, we vacate the orders entered by the trial court in the proceedings and dismiss the writ.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated and Remanded**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and KENNY ARMSTRONG, J., joined.

Murray B. Wells and Caroline R. Gordon, Memphis, Tennessee, for the appellants, Betty Ross and Stacy Vanstory.

Melanie M. Stewart, Memphis, Tennessee, for the appellee, Alisie Jackson.

Bradford D. Box, Jackson, Tennessee, for the appellee, State Farm Mutual Automobile Insurance Company.

**BACKGROUND AND PROCEDURAL HISTORY**

On June 29, 2014, Betty Ross, Stacy Vanstory, and Gabryela Williamson, a minor child, (collectively, "Plaintiffs") were involved in an automobile accident with Alisie Jackson ("Defendant") wherein the Plaintiffs allegedly suffered personal injuries. On June 29, 2015, a civil warrant naming all three Plaintiffs was filed against Defendant in the General Sessions Court of Shelby County, Tennessee. Plaintiffs made multiple unsuccessful attempts to obtain personal service on Defendant. Ultimately, Plaintiffs issued service on Defendant via publication. At a subsequent hearing, without an appearance by Defendant, Plaintiffs were awarded a judgment against Defendant in the amount of $24,999.99 as to *each* individual Plaintiff for a total judgment of $74,999.97. After the time to appeal the General Sessions judgment had expired, Plaintiffs' counsel contacted what he believed to be Defendant's insurance carrier and made demand on it to pay the judgment.

On August 8, 2016, insurance carrier's counsel ("acting counsel"), purportedly acting on behalf of Defendant, filed a petition for writ of certiorari and supersedeas in the name of Defendant ("Writ"). On August 29, 2016, Plaintiffs filed a motion to dismiss in response to the Writ, arguing, among other things, that acting counsel lacked standing to bring the Writ. In an order entered on September 29, 2016, the Circuit Court granted the Writ. On the same date, the trial court entered an order denying Plaintiffs' motion to dismiss, finding that acting counsel had standing to file the Writ pursuant to Defendant's insurance contract with her insurance carrier. The case lingered in the Circuit Court over the next several years. Ultimately, on February 12, 2021, acting counsel filed a Motion to Appear Specially and Dismiss, requesting that the trial court dismiss the case against Defendant based on it being barred by the statute of limitations and because Plaintiffs had failed to preserve the action in either the General Sessions Court or the Circuit Court. In response, Plaintiffs renewed their argument that acting counsel lacked standing to bring the Writ, the motion, or otherwise act on behalf of Defendant. On August 13, 2021, the trial court entered its order granting the motion to dismiss. As to the issue of standing, the trial court ruled that acting counsel had standing "as the agent retained by [Defendant's insurance carrier] pursuant to the insurance contract with [Defendant] to represent [Defendant]." This appeal followed.

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

## ISSUES PRESENTED

Although Plaintiffs raise multiple issues on appeal, we find that this case turns on a single dispositive issue, which we restate as follows: Whether acting counsel had standing to file the Writ or otherwise appear on behalf of Defendant.

## STANDARD OF REVIEW

The decision of a lower court to grant or deny a writ of certiorari is reviewed under the abuse of discretion standard. *State v. Lane*, 254 S.W.3d 349, 354 (Tenn. 2008) (citing *Robinson v. Clement*, 65 S.W.3d 632, 635 (Tenn. Ct. App. 2001)).  As such, "the lower court's decision should not be disturbed unless the lower court 'applied an incorrect legal standard, or reached a decision which is against logic or reasoning that caused an injury to the party complaining.'" *Id.* at 354–55 (quoting *State v. James*, 81 S.W.3d 751, 760 (Tenn. 2002)).

In order for a petitioning party to appear before a court, that party must have standing.  "Courts employ the doctrine of standing to determine whether a particular litigant is entitled to have a court decide the merits of a dispute or of particular issues." *Am. Civil Liberties Union of Tenn. v. Darnell*, 195 S.W.3d 612, 619 (Tenn. 2006) (citing *Warth v. Seldin*, 422 U.S. 490, 498 (1975); *Knierim v. Leatherwood*, 542 S.W.2d 806, 808 (Tenn. 1976)).

## DISCUSSION

In the present case, acting counsel filed the Writ in the trial court on behalf of Defendant.  Plaintiffs maintained that acting counsel did not have standing to file the Writ.  In its order of September 29, 2016 denying Plaintiffs' initial motion to dismiss the Writ and again in its later order of August 13, 2021 granting acting counsel's motion to dismiss, the trial court determined that acting counsel had standing in reliance on its interpretation of the "insurance contract."  In both orders, the trial court made specific references to acting counsel's standing being "pursuant to the insurance contract." Based upon our review of the record in this case, we are unable to locate a copy of the insurance contract upon which the trial court based its legal interpretation and ruling.  Moreover, when questioned by a member of this Court's panel at oral argument as to whether a copy of the insurance contract was ever introduced into evidence in this case, acting counsel replied that it had not.  Specifically, acting counsel stated that "there's no proof in this record that there's an insurance contract."  We are, therefore, perplexed as to how the trial court based its legal conclusion as to acting counsel having standing "pursuant to an insurance contract with [Defendant]" when the insurance contract was never introduced in any manner in the trial court.  Accordingly, in light of the absence of the insurance contract in the record, we find no basis upon which the trial court could predicate its decision concerning standing.  As such, we find this to be clear error, and the trial court's order must be vacated.

## CONCLUSION

Based on the foregoing, we vacate the trial court's orders in the proceedings and dismiss the Writ.


          s/ Arnold B. Goldin

ARNOLD B. GOLDIN, JUDGE