IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
January 29, 2025 Session

**STATE OF TENNESSEE v. JAMIE PAUL CLICK**

**Appeal from the Criminal Court for Knox County**
**Nos. 102707 & 122678     Steven W. Sword, Judge**

———————————

**No. E2024-00329-CCA-WR-CO**

———————————

In 2015, a Knox County jury convicted the Defendant, Jamie Paul Click, of conspiracy to possess with the intent to sell or deliver 150 grams or more of heroin in a drug-free zone, a Class A felony.  Following amendments to the Drug-Free Zone Act, the Defendant, in 2022, filed a motion pursuant to Tennessee Code Annotated section 39-17-432(h), seeking resentencing of his Range II sentence of twenty-five years, which included a mandatory minimum service requirement.  The trial court found that it could not resentence the Defendant to a lower release eligibility because such was not authorized by the statutory language and denied the motion. We grant certiorari to vacate the trial court's order and remand for further proceedings consistent with this opinion.

**Writ of Certiorari; Judgment of the Criminal Court Vacated; Case Remanded**

KYLE A. HIXSON, J., delivered the opinion of the court, in which ROBERT H. MONTGOMERY, JR., and TOM GREENHOLTZ, JJ., joined.

Wesley D. Stone, Knoxville, Tennessee, for the appellant, Jamie Paul Click.

Jonathan Skrmetti, Attorney General and Reporter; Katherine C. Redding, Senior Assistant Attorney General; Charme P. Allen, District Attorney General; and Gregory C. Eshbaugh, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

## I.     FACTUAL AND PROCEDURAL HISTORY

Following a jury trial in January 2015, the Defendant, along with Alfred Maron Williams and Eric Martel Abrams, was convicted of twelve counts of conspiracy to possess with the intent to sell or deliver 150 grams or more of heroin, a Schedule I controlled

substance, within 1,000 feet of a drug-free zone. *State v. Williams, et al.*, No. E2018-00670-CCA-R3-CD, 2020 WL 2120088, at *1 (Tenn. Crim. App. May 4, 2020), *perm. app. denied*, (Tenn. Sept. 16, 2020); *see also* Tenn. Code Ann. § 39-17-432 (Supp. 2005). The proof at trial established the occurrence of multiple drug transactions between June 2012 to March 2013, the period charged in the presentment. *Id.* at *1. These transactions each involved the sale of small, heat-sealed Ziploc baggies of heroin that had been previously packaged by codefendant Williams, often in the presence of codefendant Abrams. *Id.* at *16. Codefendant Williams required his purchasers to use an intermediary, one of whom was the Defendant. *Id.* With respect to the Defendant's role in the conspiracy, he took the heroin he purchased from codefendant Williams and resold it in Sevierville.[1] *Id.* The amount of heroin possessed by various complicit individuals throughout this period, as testified to by the witnesses, was over 150 grams. *Id.* For all twelve counts, the jury affirmatively found that the conspiracy occurred within 1,000 feet of either a school, childcare facility, or park. *Id.* at *18.

Given the amount of heroin involved in the conspiracy, the offenses were Class A felonies. *See* Tenn. Code Ann. § 39-17-417(j)(1). Following the guilty verdict, the trial court merged the twelve convictions into a single count and sentenced the Defendant, a Range II, multiple offender, to twenty-five years' incarceration, which was the minimum sentence for this offense. *Williams*, 2020 WL 2120088, at *1; *see* Tenn. Code Ann. § 40-35-112(b)(1) (establishing a Range II sentence for a Class A felony as not less than twenty-five years nor more than forty years). As required by the Drug-Free Zone Act ("the Act") in effect at the time, the Defendant was required to serve one hundred percent of the mandatory minimum sentence before being release eligible. *See* Tenn. Code Ann. § 39-17-432(c) (Supp. 2005). In addition, the twenty-five-year sentence in this case was run concurrently with the effective eighty-year sentence imposed in Sevier County case number 18116-II.

In September 2022, the Defendant, pro se, moved for resentencing pursuant to Tennessee Code Annotated section 39-17-432(h) in accordance with the amendments to the Act. In the motion, the Defendant requested "an evidentiary hearing, at which [he] and [the] district attorney general may present evidence on this motion to determine [the Defendant's] eligibility to receive a lower sentence and release date." Counsel was appointed for the indigent Defendant, and the trial court held a hearing on January 30, 2024.

---

[1] The Defendant's activities in Sevier County resulted in his prosecution and conviction for multiple drug offenses in that jurisdiction. The Defendant filed a resentencing motion in the Circuit Court for Sevier County, which, like the one *sub judice*, was denied by the trial court and is now on appeal before this court. The court's opinion in that case is being released concurrently herewith.

At the outset of the hearing, the trial court noted that it had referred the Defendant for an additional presentence investigation report and had received an addendum to the original report. Subsequently, the Defendant asked the trial court to consider five certificates he had "earned while he was [incarcerated] in the Knox County Detention Facility" after having filed his pro se motion. The Defendant noted for the record that his motion for resentencing pursuant to Code section 39-17-432(h) had been denied in Sevier County relative to his eighty-year sentence in that case. The Defendant also submitted, "[T]he jury came back unanimously on the overt acts, relating to the substantive drug-free school [c]ounts in the [i]ndictment," but "they did not find proof beyond a reasonable doubt that he violated the Drug-Free [] Zone Act, as it relates to those overt acts." The Defendant additionally asked the trial court to take judicial notice of the trial record. Despite these discussions, no exhibits were entered during the hearing, nor are any of these items contained within the record on appeal.

Regarding the Defendant's argument for resentencing as it pertained to the language of Code section 39-17-432(h), the Defendant first acknowledged that he would still have been convicted of a Class A felony given the amount of heroin involved. The Defendant observed that "should [the trial court] conduct a resentencing hearing," the only issue was imposition of the mandatory minimum service requirement. The Defendant noted that, since his convictions, the Act had been amended to reduce the area encompassed by drug-free zones from 1,000 feet to 500 feet and that mandatory service of one hundred percent of the minimum sentence in range was no longer required. He argued that the statute permitted resentencing because, had he committed his offenses after the Act was amended, he would have received a shorter sentence in that his release eligibility date would have been thirty-five percent rather than one hundred percent. The Defendant asked the trial court to resentence him to a thirty-five-percent release eligibility.

Conversely, the State argued that the Defendant was not entitled to resentencing because his underlying offense was a Class A felony and his release eligibility percentage did not relate to the sentence length itself as per the terms of the statute. At the conclusion of the hearing, the trial court announced that it would issue a written order after reviewing the underlying facts, the jury's determinations, and the parties' arguments. The trial court also noted that the Defendant's "best bet" for reduction of his sentence might be seeking clemency with the governor.

The trial court subsequently issued a written order on February 1, 2024. In the order, the trial court noted that the Defendant was convicted of a Class A felony under the Act and sentenced to twenty-five years as a Range II, multiple offender, which was the

minimum sentence for his range. *See* Tenn. Code Ann. § 40-35-112(b)(1). The trial court observed that, given the amount of heroin involved in this case, the Act did not increase the classification level of the offense, but rather only imposed the mandatory minimum service requirement, thus, necessitating that the Defendant serve his entire twenty-five-year sentence at one hundred percent. The trial court cited the terms of Code section 39-17-432(h)(1) that called for the Defendant to bear the burden of proof that he would have been "sentenced to a shorter period of confinement" under the Act if his offense had occurred on or after September 1, 2020. The trial court determined that the Defendant was not entitled to resentencing under the Act because he could not receive a sentence shorter than twenty-five years and was not guaranteed to be released sooner with a thirty-five percent service rate. Concluding that the Defendant was not statutorily authorized to obtain resentencing, the trial court made no findings regarding the substantive merits of the Defendant's resentencing request.

## II.    ANALYSIS

The Defendant timely appeals, arguing that this court should grant his writ of certiorari because "the trial court committed a plain and palpable abuse of discretion when it declined to conduct a resentencing hearing and reduce" his release eligibility percentage from one hundred percent to thirty-five percent.[2] The Defendant asks that we consider his claim and remand the case to the trial court with instructions to reduce his release eligibility percentage. The State responds that a writ of certiorari is not warranted because the circumstances of this case are not sufficiently extraordinary to trigger the remedy of certiorari. According to the State, the writ should not be employed because the trial court conducted an evidentiary hearing, considered the factors for resentencing as set forth in the amended Act, made findings consistent with the record, and correctly "denied the [D]efendant's request for resentencing based on its conclusion that he failed to show that he would be sentenced to a shorter period of confinement under the [Act] if his offense had occurred on or after September 1, 2020." In addition, the State asserts that the trial court acted within its discretion when it declined to resentence the Defendant because he "cannot show that his [twenty-five]-year sentence would have changed."

The common law writ of certiorari has been codified at Tennessee Code Annotated section 27-8-101, which provides,

The writ of certiorari may be granted whenever authorized by law, and also in all cases where an inferior tribunal, board, or officer exercising judicial

---

[2] Previously, by order dated November 5, 2024, this court granted the Defendant's motion to treat his notice of appeal document as a petition for writ of certiorari.

- 4 -

functions has exceeded the jurisdiction conferred, or is acting illegally, when, in the judgment of the court, there is no other plain, speedy, or adequate remedy.

Certiorari lies, in part, "[w]here no appeal is given[.]" Tenn. Code Ann. § 27-8-102(a)(2).

The common law writ of certiorari is an "extraordinary judicial remedy," *State v. Lane*, 254 S.W.3d 349, 355 (Tenn. 2008) (quoting *Robinson v. Clement*, 65 S.W.3d 632, 635 (Tenn. Ct. App. 2001)), and is limited in application such that it normally may not be used "to inquire into the correctness of a judgment issued by a court with jurisdiction[,]" *State v. Adler*, 92 S.W.3d 397, 401 (Tenn. 2002) (citing *State v. Johnson*, 569 S.W.2d 808, 815 (Tenn. 1978)), *superseded by statute on other grounds as recognized in State v. Rowland*, 520 S.W.3d 542, 545 (Tenn. 2017). "A writ of certiorari is an order from a superior court to an inferior tribunal to send up a complete record for review, so that the reviewing court can ascertain whether the inferior tribunal has exceeded its jurisdiction or acted illegally, fraudulently, or arbitrarily." *Lane*, 254 S.W.3d at 354 (citing *Hall v. McLesky*, 83 S.W.3d 752, 757 (Tenn. Ct. App. 2001)). Upon conducting this inquiry, certiorari is appropriate to correct the following types of errors: "(1) fundamentally illegal rulings; (2) proceedings inconsistent with essential legal requirements; (3) proceedings that effectively deny a party his or her day in court; (4) decisions beyond the lower tribunal's authority; and (5) plain and palpable abuses of discretion." *Id.* at 355 (quoting *Willis v. Tennessee Dept. of Correction*, 113 S.W.3d 706, 712 (Tenn. 2003)).

At issue in this case is the application of the Drug-Free Zone Act. The stated purpose of the Act, at the time of its enactment in 1995, was to create drug-free school zones to provide "all students in this State an environment in which they can learn without the distractions and dangers that are incident to the occurrence of drug activity in or around school facilities." Tenn. Code Ann. § 39-17-432(a) (Supp. 1995). In 2005, the General Assembly amended the Act to expand the list of properties beyond schools to include a "preschool, child care agency, or public library, recreational center or park" and changed the name of the prohibited zone to "drug-free zone." *Id.* § -432(a), (b)(1) (Supp. 2005).

The General Assembly, in 2020, again amended the Act by reducing the distance used to determine a drug-free zone from 1,000 feet to 500 feet and by giving trial courts discretion in imposing the one classification enhancement for properties identified as drug-free zones. *Id.* § -432(b)(1). Under the 2020 amendments, minimum sentences were no longer mandatory, but discretionary, and there was a "rebuttable presumption that a defendant [was] not required to serve at least the minimum sentence for the defendant's appropriate range of sentence." *Id.* § -432(c)(2). The rebuttable presumption could be

overcome if the trial court found "that the defendant's conduct exposed vulnerable persons to the distractions and dangers that are incident to the occurrence of illegal drug activity." *Id.* The 2020 amendments applied only to offenses committed on or after September 1, 2020. 2020 Tenn. Pub. Acts, ch. 803, § 12.

Effective April 29, 2022, the General Assembly once more amended Tennessee Code Annotated section 39-17-432 by adding subsection (h). Subsection (h) allowed defendants convicted of a drug offense in a drug-free school zone before July 1, 2005, or in a drug-free zone from July 1, 2005, to August 31, 2020, to seek resentencing if the sentence was mandatorily enhanced based on the distance the drug offense occurred from the drug-free zone property. *State v. Ewing*, No. E2023-01705-CCA-WR-CO, 2025 WL 712890, at *4 (Tenn. Crim. App. Mar. 5, 2025).

For the same reasons as provided by this court in *Ewing*, we grant the Defendant's petition for writ of certiorari for the purpose of remanding the case to the trial court for further proceedings. *See generally* 2025 WL 712890. In *Ewing*, the trial court denied the defendant's motion for resentencing pursuant to Code section 39-17-432(h), noting that the defendant's conviction did not receive a felony classification enhancement because his conviction involved a park, not a school, and concluding that it lacked the authority pursuant to the terms of the statute to reduce the defendant's release eligibility. *Id.* at *1-2. The same factual scenario is present here, *i.e.*, there was no felony classification enhancement but imposition of the mandatory one-hundred percent service rate of the minimum sentence in the range.

On appeal, this court, in *Ewing*, disagreed with the trial court that it lacked authority to alter the mandatory minimum service requirement. In doing so, we held:

> [C]ourts eligible to "entertain" resentencing motions under Tennessee Code Annotated section 39-17-432(h)(3) (2022), have discretion to resentence defendants who, prior to September 1, 2020, were ordered to serve the entire minimum sentence for the appropriate range of sentence and to impose a *new sentence* that would not "be greater than the sentence originally imposed."

*Ewing*, 2025 WL 712890, at *6 (quoting Tenn. Code Ann. § 39-17-432(h)(1)). This court reasoned that "[t]he purpose of resentencing under [subsection (h)] is to permit a trial court to impose a *new sentence* on a defendant whose original sentence was enhanced based solely upon the distance" the offense occurred from drug-free zone properties. *Id.* (first citing *State v. Watson*, No. E2022-01321-CCA-R3-CD, 2023 WL 5925717, at *7 (Tenn. Crim. App. Sept. 12, 2023), *no perm app. filed*; and then citing *State v. Parker*, No. E2023-

00149-CCA-R3-CD, 2024 WL 1708343, at *2 (Tenn. Crim. App. Apr. 22, 2024), *no perm. app. filed*).

Moreover, "[w]hen a trial court resentences a defendant pursuant to Tennessee Code Annotated section 39-17-432(h), the court is not amending or modifying the original sentence; the trial court is vacating the defendant's original sentence, including its corresponding release eligibility, and imposing a *new sentence with a new release eligibility*." *Ewing*, 2025 WL 712890, at *6 (citing Tenn. Code Ann. § 39-17-432(h)(1)). If courts "could not resentence defendants who, prior to September 1, 2020, were ordered to serve the entire minimum sentence for the appropriate range, then only defendants convicted of drug offenses within the prohibited zone of school properties whose sentences were enhanced one classification higher would be eligible for resentencing[,]" and "such a construction would not be reasonable and would unduly restrict the intended scope of Tennessee Code Annotated section 39-17-432(h)." *Id.* at *6 n.4 (citing *Owens v. State*, 908 S.W.2d 923, 926 (Tenn. 1995)).

Upon remand, the statute requires the trial court to "hold an evidentiary hearing on the motion, at which the [D]efendant and district attorney general may present evidence." Tenn. Code Ann. § 39-17-432(h)(1). At the hearing that took place on January 30, 2024, the trial court discussed the preparation and receipt of the addendum to the presentence investigation report, defense counsel referenced five certificates of completion of various class courses by the Defendant, and the trial court stated that it took judicial notice of the trial record. However, the transcript of the hearing is only seven pages in length, and no exhibits were introduced at the hearing nor are they included in the record on appeal. The Defendant was not asked if he sought to enter additional proof, and he did not request to do so. The trial court's ruling that it lacked the authority to consider the Defendant's request pretermitted any ruling on the substantive merits of the Defendant's request for resentencing. On this record, it is unclear whether a full evidentiary hearing was conducted in this case.

In addition, the statute requires that "[t]he defendant shall bear the burden of proof to show that the defendant would be sentenced to a shorter period of confinement under this section if the defendant's offense had occurred on or after September 1, 2020." Tenn. Code Ann. § 39-17-432(h)(1). The Defendant is entitled to a full evidentiary hearing upon remand, and he may present further proof if he so desires. In accordance with the statute, the district attorney general may also, if deemed necessary, present additional proof in rebuttal. The hearing shall otherwise proceed in accordance with the terms of Code section 39-17-432(h).

### III.   CONCLUSION

We vacate the trial court's denial of the motion for resentencing and remand the case to the trial court for further proceedings consistent with this opinion.


 s/ Kyle A. Hixson
KYLE A. HIXSON, JUDGE